**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank SAPP, Defendant-Appellant.**

**No. 28862.**

United States Court of Appeals,
Fifth Circuit.

March 8, 1971.

Frank Maloney, Austin, Tex., (Ct. Apptd.), for appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., Ronald J. Blask, Atty., Department of Justice, Washington, D. C., for appellee.

Before GEWIN, MORGAN and ADAMS *, Circuit Judges.

GEWIN, Circuit Judge:

The appellant Sapp was charged with violating federal narcotics statutes in a seven-count indictment. He pled guilty to Count 2 which charged that he did unlawfully, knowingly and willfully, with intent to defraud the United States, smuggle and clandestinely introduce into the United States approximately 15 pounds of marijuana without having such marijuana invoiced in violation of Title 21 U.S.C. § 176a. He now contends that the judgment of conviction should be set aside because: (1) there was a failure to comply with Rule 11 F. R.Crim.P. because his guilty plea was not voluntarily and understandingly made; (2) the statute involved constitutes an unconstitutional exercise of the taxing power of the United States; (3) the judgment of conviction recites that he was found guilty of unlawfully concealing marijuana whereas his plea of guilty related to the charge of smuggling marijuana; (4) he was denied the effective assistance of counsel. Although we find each of the appellant's convictions devoid of merit, and affirm the conviction, we remand for the correction of a clerical mistake in the judgment in accordance with Rule 36 F. R.Crim.P.[1]

Sapp was arraigned on June 11, 1969 and was represented at the time by privately retained counsel. He stated that counsel who was present with him in court did represent him and affirmed to the court that counsel was "going to carry the ball and represent [him] in this case." The court personally addressed Sapp as required by Rule 11 in the presence of his counsel. Sapp assured the court unequivocally that the guilty plea was made voluntarily with understanding of the nature of the charge and the

---

* Of the Third Circuit, sitting by designation.

1. Rule 36 provides:
   Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

consequences of the plea. Thereupon, in open court, he filed a written, sworn plea of guilty in which he made certain representations in order to induce the court to accept his plea. The full text of this sworn plea is set out in the margin.[2] In addition to the comprehensive nature of this plea, the record reveals that there were ample reasons to satisfy the court that there was a factual basis for the plea of guilty.

On July 28, 1969 with other privately retained counsel, and in the same court, Sapp filed a motion to withdraw his plea of guilty and to enter a plea of not guilty on the ground that he did not understand "what went on" at the time he entered his guilty plea. He also contended he did not have effective assistance of counsel. The court proceeded to conduct a full hearing on the issue of the voluntariness of the plea and the circumstances under which the plea was entered on June 11, 1969. At the conclusion of the hearing the court expressed the belief that the appellant had entered his guilty plea with full knowledge and understanding of its consequences. The court also observed that at the time the plea was accepted Sapp had privately retained counsel who accompanied him to court in Laredo from Dallas, Texas as well as privately retained local counsel. Nevertheless, the court permitted Sapp to withdraw his guilty plea, and the case was set for trial on July 31, 1969.

When the case was called for trial, privately retained counsel was present. At that time Sapp stated to the court that he then wished to withdraw his plea of not guilty which the court had previously permitted, and requested that he be re-arraigned in order to enter a plea of guilty. He was arraigned on Count 2 and pled guilty to that count. Again the court carefully and patiently interrogated Sapp in the presence of privately retained counsel and received assurances from him personally that the plea of guilty was voluntarily and under-

---

**2.** United States of America
vs.                Criminal No. 69–L–217
Frank Sapp
    *PLEA OF GUILTY*
   I, a defendant in this cause, desire to enter a plea of guilty. To induce the Court to accept such plea, I state to the Court, under oath, as follows:
   I. I have had the benefit of counsel and have consulted fully with my counsel; or have had my right to counsel explained to me and have waived counsel prior to entering this plea.
   II. I understand that, irrespective of my guilt or innocence, I am entitled to enter a plea of not guilty and to stand trial.
   III. I understand the elements of the offense and I am entering this plea of guilty freely, voluntarily, in the exercise of my own good judgment, and because I am guilty. This is not the result of a bargain or trade-out with the prosecution.
   IV. I have received no promises of leniency, that other charges against me will be dropped, or of any other nature, from *my own attorney, from the attorney of* the United States, or from any other person to induce me to plead guilty.
   V. I have received no threat of a more severe sentence, or harsh treatment, or of any other nature to induce me to plead guilty.

   VI. I am aware that the maximum sentence provided by statute for this offense is a period of confinement of 20 years and a fine of $20,000.00; and I understand that any lawful sentence, including the maximum set out above, *may be imposed in the sole discretion of the presiding* Judge.
   VII. I understand that any statement by my own attorney, by the attorney for the United States, or by *any other person* as to what sentence I might receive is not binding in the Court.
   VIII. I am not now under the influence of alcohol, drugs or narcotics; and I have *no reason to believe that I am now, or* ever have been, insane or of unsound mind; and I assert that I am now fully competent, and in full possession of my faculties.
   IX. I am fully satisfied with the services rendered me by my attorney, and believe that he has represented me ably and conscientiously.
                    /s/ Frank Sapp
                    Defendant
   SUBSCRIBED AND SWORN TO BEFORE ME this 11 day of June, 1969.
                    /s/ Puhy Miller, Deputy
                         Clerk

standingly made. The court then stated:

> THE COURT: You understand this is a serious violation. It calls for a minimum sentence of five years and a maximum sentence of twenty years and a fine of twenty thousand dollars without probation and parole if this be a first offense, and a great deal more if this be a second or subsequent offense. You are aware of those circumstances?

Sapp answers affirmatively, and again filed a written sworn plea, similar to the one mentioned above. He stated to the court that he had read it and signed it because it stated the truth. All of these proceedings took place in the presence of privately retained counsel.

In support of his contention in this court that his plea of guilty was not made voluntarily with understanding, Sapp contends that he was not adequately advised of the consequences of his plea. He argues that "ineligibility for parole goes directly to the period of punishment and therefore should have been clearly explained to the defendant." He asserts that the explanation of the court was only cursory and that he was not adequately informed. The government answers this contention by asserting that actually Sapp will be eligible for parole pursuant to an amendment of Title 26 U.S.C. § 7237 enacted on November 8, 1966. The government also relies on the case of Cook v. Willingham [3] to support its position that parole is available.

■ We think the record clearly shows that Sapp was adequately advised

that he was ineligible for parole. However, it is our opinion that even if the court had failed to so advise him, reversal would not be required because this court has held that such failure does not constitute error.[4] Moreover, if the court incorrectly advised appellant with respect to his eligibility for parole, that fact would not result in error. Such advice would only indicate harsher punishment which would not vitiate the plea under the facts and in the circumstances disclosed by the record.[5]

■ It is our unequivocal conclusion that the record clearly demonstrates that there was full compliance with the rules and cases which deal with the acceptance of a guilty plea. Indeed at the conclusion of the second proceeding and at the time of allocution, in response to an inquiry by the court as to whether he wished to make a statement, Sapp replied:

> DEFENDANT SAPP: Only that I am sorry for the fact that I have caused this Court some—well, embarrassment—in requesting a jury and then I pleaded guilty to a charge I was guilty of, but I was ignorant of exactly how I was guilty of it.

■ Appellant's next contention that the statute involved is an unconstitutional exercise of the taxing power of the United States is likewise without merit. In Minor v. United States,[6] the court stated:

> A statute does not cease to be a valid tax measure because it deters the activity taxed, because the revenue ob-

---

3. 389 F.2d 769 (10th Cir. 1968).

4. Onick v. United States, 425 F.2d 1292 (5th Cir. 1970) ; Sanchez v. United States, 417 F.2d 494 (5th Cir. 1969) ; Trujillo v. United States, 377 F.2d 266 (5th Cir. 1967), cert. denied 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221.

5. United States v. Woodall, 438 F.2d 1317 (5th Cir. 1970 en banc) ; Murray v. United States, 419 F.2d 1076 (10th Cir. 1969) ; Eakes v. United States, 391 F.2d 287 (5th Cir. 1968).

6. 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969).

tained is negligible, or because the activity is otherwise illegal.[7]

 Sapp's assertion that he was deprived of the effective assistance of counsel is frivolous. We have already noted that he entered his pleas in the presence of three privately retained attorneys. On this appeal he is represented by court-appointed counsel. All of them have served him well. He completely failed in his effort to prove that his counsel did not adequately represent him.[8]

The judgment entry recites the fact that the defendant pled guilty to the charge contained in Count 2 of the indictment and that Counts 1, 3, 4, 5, 6 and 7 were dismissed on motion of the United States Attorney. The judgment entry states that the defendant had been convicted of the offense of "unlawfully concealing a quantity of marijuana in violation of Title 21 United States Code, Section 176a." Actually the defendant pled guilty to smuggling. Both smuggling and unlawful concealment are proscribed by 21 U.S.C. § 176a, the statute here under consideration. The record plainly indicates that the sentence was imposed pursuant to the second plea of guilty to Count 2 when it was entered on July 31, 1969. The formal judgment entry was signed by the District Judge and filed on August 1, 1969. The error involved is clearly a clerical one which should be corrected under Rule 36 F.R. Crim.P. In view of the provisions of the above cited statute and the circumstances disclosed by the record, no prejudice resulted to Sapp because of the error mentioned, and no prejudice will result from its correction. We remand in order that the judgment entry may be corrected as indicated.

Affirmed and remanded.

---

7. 396 U.S. 87 n. 13, 90 S.Ct. 284. See also: Daut v. United States, 405 F.2d 312 (9th Cir. 1969).

8. Cappetta v. Wainwright, 433 F.2d 1027 (5th Cir. 1970); Williams v. Beto, 354 F.2d 698 (5th Cir. 1965).