**Alvin Olanda GILBERT, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 71–3637**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 7, 1972.

Alvin Olanda Gilbert, pro se.

Donald E. Walter, U. S. Atty., Paul Lynch, Asst. U. S. Atty., Shreveport, La., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

**534**

PER CURIAM.

This case demonstrates the wisdom of the requirement of F.R.Crim.P. Rule 11 that before accepting a plea of guilty the Trial Court assure himself *with record evidence* that there is a factual basis for a plea of guilty. Cf. McCarthy v. United States, 1969, 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418, 426; United States v. Frontero, 5 Cir., 1971, 452 F.2d 406. The District Court having failed to do so, we must direct that the conviction resting on the invalid plea be vacated and the petitioner be allowed to replead.

Petitioner in this appeal from the denial of relief under 28 U.S.C.A. § 2255 was indicted on seven counts of interstate transportation and aiding and abetting the interstate transportation of certain named American Express Money Orders and subsequently entered a plea of guilty on Counts I–IV. Since there was only one "transportation" involved, there could be only a single violation of 18 U.S.C.A. § 2314. Bell v. United States, 1955, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905; Castle v. United States, 1961, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed. 2d 75, rev'g Castle v. United States, 5 Cir., 1968, 287 F.2d 657; Cooks v. United States, 5 Cir., 1972, 461 F.2d 530. Cf. Ladner v. United States, 1958, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199.

During the guilty plea hearing the Trial Judge, by a procedure we may assume, without deciding, was acceptable, adequately satisfied himself of the general voluntariness of the plea—the understanding of consequences in terms of maximum sentence, etc., but he did not make the required personal, on-the-record factual inquiry[1] required by Rule 11 as to the factual basis for the charge. Had he done so it would have revealed —as the Judge was later to learn—that there was only *one* "transportation" involved. As a result, when the Defendant filed his § 2255 Motion it was initially granted by the Trial Court to the extent of vacating counts III and IV. Convictions on both counts I and II were upheld at that time on the basis of the District Court's belief that each of these two counts involved a separate incident of "transporting". When it was later brought irrefutably to the District Court's attention that only *one* crossing of state lines was involved, sentence was vacated on count II.

The problem is that there was no factual basis in this record at the time of the plea which showed that the defendant did any acts which would constitute the crime charged in count I. The District Court simply failed to make the inquiry mandated by Rule 11 to establish such *record* facts. This factual inquiry can readily be accomplished in a variety of ways—hearing some testimony from a witness or investigating authority, receiving copies of investigative reports, statements, etc., or having the Government attorney relate the factual tale of the Defendant's actions and the like. Here the Trial Court undertook no such inquiry.

Since the number of crimes charged and the maximum punishment to which he was exposed might well have influenced Defendant's decision to plead guilty rather than stand trial, the absence of this mandated showing undermines the voluntariness of the plea. The judgment of conviction must be vacated and the Defendant given an opportunity to plead anew. *McCarthy, supra; Frontero, supra.*

Reversed and remanded.

---

1. Apparently the indictment was read to the defendant who answered that he understood the charges contained therein. Likewise there was an affidavit form which dealt with promises, assurances, etc. But there was no statement by anyone informing the Court of the defendant's actions.