**Arthur N. REED, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 72–1711
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 9, 1973.

Arthur N. Reed, pro se.

William S. Sessions, U. S. Atty., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges:

PER CURIAM:

The district court has denied Arthur Reed's second motion to vacate his criminal conviction and sentence for transporting altered securities in interstate commerce, and he appeals. Finding that the court below erred in refusing to grant the relief sought, we reverse and remand.

On October 14, 1969, the appellant entered a plea of guilty to one count of a three-count indictment charging violations of 18 U.S.C. § 2314, and was sentenced on December 9, 1969, to serve an

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

eight-year sentence. He now attacks the validity of his conviction on the basis of the trial court's failure to comply with Rule 11, F.R.Cr.P. The appellant contends that his guilty plea was invalid because the court did not ascertain whether there was a factual basis for it, nor did it determine that he understood the consequences of his plea.

■ McCarthy v. United States, 1969, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, has made it clear that a plea of guilty cannot be accepted unless the court has made a determination, independently of the allegations contained in the indictment, that a factual basis exists for the defendant's acknowledgement of his guilt. *McCarthy* further requires that this "factual basis" be contained in the record itself.

■ In the present case, the transcript of the proceedings in which the appellant pleaded guilty, reveals that no attempt whatsoever was made by the court to determine whether Reed had actually done the acts comprising the offense set forth in the indictment.

In view of the failure of the district court to call for a response to the appellant's motion to vacate, and the total lack of support in the record for that court's ruling, this Court requested the United States Attorney to brief the issues raised below.[1] In that brief the appellee concedes that Rule 11 was not complied with by the trial court, but argues that the issue is moot due to the appellant's release from prison on April 10, 1972.

■■ The § 2255 petition was filed on November 22, 1971. While § 2255 relief is not available to a person filing a motion to vacate after the complained-of sentence has completely expired, it is well settled that if one is imprisoned at the time of the original filing of the motion, and released before determination thereof, the cause of action does not become moot. Carafas v. LaVallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554; Hemming v. United States, 5th Cir. 1969, 409 F.2d 11; Castle v. United States, 5th Cir. 1969, 399 F.2d 642. See McDaniel v. Sheriff of Dallas County, 5th Cir. 1971, 445 F.2d 851. Moreover, a person "in custody", as contemplated by 28 U.S.C. § 2255, is not necessarily one within the confines of a penal institution. Since Appellant Reed was released from prison having served less than three years on an eight-year sentence, it is obvious that he is and will be subject to the jurisdiction of the United States Board of Parole for some years to come. Thus he is still under restraints emanating from the challenged conviction, and has the requisite standing to maintain this action. Carafas v. LaVallee, *supra; see* Forbes v. Wainwright, 5th Cir. 1970, 425 F.2d 724.

Having concluded that this appeal is not moot, as urged by the appellee, and that the record is devoid of any facts upon which the trial court could have validly concluded that there was a basis for the plea, the plea must be set aside, and the appellant allowed to plead anew.[2] Gilbert v. United States, 5th Cir. 1972, 466 F.2d 533; Cooks v. United States, 5th Cir. 1972, 461 F.2d 530; United States v. Frontero, 5th Cir. 1971, 452 F.2d 406.

The judgment appealed from is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

1. The case was originally referred to this panel for summary disposition in accordance with Local Rule 9(c)(2) due to the appellant's failure to file a brief within the time fixed by Rule 31, F.R.A.P. Subsequent to the filing of the appellee's brief, a brief on behalf of the appellant was filed. We therefore dispose of the appeal under Local Rule 18.

2. In view of our holding that the record shows no factual basis for the acceptance of the guilty plea, we deem it unnecessary to rule upon the appellant's contention that his plea was induced by the trial judge's representations that he would be sentenced under the Youth Corrections Act rather than as an adult offender in exchange for the guilty plea. Similarly, we need not rule on his allegation that he was denied counsel during his sentencing proceedings.