**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Douglas Jack WHITE et al., Defendants-Appellants.**

No. 72–3197

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 9, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Roy Q. Minton, Austin, Tex., for White.

Marvin O. Teague, Houston, Tex., for Palmer and Melody.

Anthony J. P. Farris, U. S. Atty., Edward B. McDonough, Jr., James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before BELL, GODBOLD and IN-GRAHAM, Circuit Judges.

BELL, Circuit Judge:

Appellants were charged in a ten-count indictment with multiple violations of the securities laws. 15 U.S.C.A. §§ 77e(a) (1), 77e(a)(2), 77q(a). They pleaded guilty to the conspiracy count and were sentenced on their pleas. The other counts were dismissed. Prior to sentencing, they moved to withdraw the pleas. The district court denied these motions.

Appellants contend that the district court did not comply with the strict requirements of Rule 11, F.R.Crim.P., in accepting their pleas initially and that it abused its discretion in refusing to grant the motions to withdraw. We agree that the district court did not comply with the requirements of Rule 11 in one fatal particular.

At the arraignment the district court inquired personally of the defendants whether they had conferred with counsel concerning the contents of the indictment, whether they made their pleas willingly and voluntarily, whether any promise or threat had caused them to plead guilty, whether they understood that a guilty plea waived certain constitutional rights, whether they had ever been adjudged of unsound mind, whether they fully understood what they were doing, and whether their attorney agreed with their decision to plead. Further, the district court requested them to execute affidavits. These affidavits verified the appellants' responses to many of the court's oral questions and stated as well that the appellants understood the elements of the offenses charged in the indictment, that they were pleading guilty because they were guilty, that they were aware of the maximum sentence provided by statute, that they were not presently under the influence of alcohol, drugs or narcotics, and that they were fully satisfied with the services of their attorneys.

The record reveals, however, that the district court did not undertake to determine the factual basis of the pleas, as required by McCarthy v. United States, 1969, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. The court received no evidence or testimony which would have enabled it to determine whether acts committed and admitted by the defendants actually fell within the charge. See Reed v. United States, 5 Cir., 1973, 471 F.2d 721; Gilbert v. United States, 5 Cir., 1972, 466 F.2d 533; Cooks v. United States, 5 Cir., 1972, 461 F.2d 530; United States v. Frontero, 5 Cir., 1971, 452 F. 2d 406, 416. These decisions, as well as *McCarthy*, teach that in the absence of

such a determination, the requirements of Rule 11 are not met.

In United States v. Sapp, 5 Cir., 1971, 439 F.2d 817, we upheld the refusal of the district court to allow a defendant to withdraw his guilty plea. The defendant had personally addressed the court and had executed an affidavit similar to the one executed by appellants here. We noted the extent of the representations made in the affidavit. We noted as well that "[i]n addition to the comprehensive nature of this plea, the record reveals that there were ample reasons to satisfy the court that there was a factual basis for the plea of guilty." 439 F.2d at 819. The government contends that *Sapp* controls this case. We disagree. *Sapp* did impliedly approve the use of an affidavit such as the one used here; but *Sapp* teaches that the record must reveal a factual basis for the plea in addition to representations such as those made in the affidavit. The record in this case is deficient in this one respect.

The government contends that at the time the district court denied the motions to withdraw, it had knowledge of facts sufficient to establish a factual basis for the pleas and that the requirements of Rule 11 were satisfied, in substance, at that point. The contention is that the court gained this knowledge from testimony given at the subsequent trial of two co-defendants, who had pleaded not guilty. Appellants argue that, on the contrary, this testimony established their innocence. We believe, however, that whatever the proper bearing of this collateral proceeding on the district court's discretionary decision to disallow the withdrawal of guilty pleas already made, Rule 11 requires that a guilty plea cannot be accepted in the first instance unless there is a showing of a factual basis for it. Here there was none. Under *McCarthy*, appellants must be allowed to plead anew.

Reversed and remanded.