Domingo ROSAS, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

. No. 74–2986
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 16, 1974.

Rehearing and Rehearing En Banc
Denied March 14, 1975.
See 509 F.2d 805.

Jeffrey R. Parsons, Houston (Court-appointed), for petitioner-appellant.

Anthony J. P. Farris, U. S. Atty., James P. Gough, Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

Rosas brought this action pursuant to 28 U.S.C.A. § 2255 to vacate judgment and sentence of his conviction for smuggling and transporting and concealing marijuana in violation of 21 U.S.C.A. § 176a. He claims that in accepting his guilty plea the trial court did not follow the procedure mandated by Rule 11 of the Federal Rules of Criminal Procedure by failing (1) to establish a factual basis for the plea; (2) to determine that the plea was made with an understanding of its consequences; and (3) to determine that the plea was made voluntarily. The district court denied the motion to vacate and, after reviewing the transcript of the arraignment, we affirm.

To support his claim that the trial court failed to establish a factual basis for his plea, Rosas relies heavily on Reed v. United States, 471 F.2d 721 (5th Cir. 1973) and Gilbert v. United States, 466 F.2d 533 (5th Cir. 1972).

---

* Rule 18, 5th Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Those cases stand for the proposition that a guilty plea cannot be accepted unless the court has made a determination with record evidence independent of the allegations contained in the indictment, that a factual basis exists for the defendant's acknowledgment of his guilt. In this case the court specifically inquired into the factual basis for Rosas' plea:

> THE COURT: All right. I want to be sure you understand what it is that these charges entail. Count 2, the smuggling charge, charges that about the 1st of August of this year and here in the jurisdiction of this Court, you either personally smuggled this quantity of marijuana into the United States or that you encouraged and induced and commanded someone else to do it. By smuggling into the United States, means that it was brought into the country illegally and without it being declared to the Customs officials.
>
> As to the third count of the indictment, the other charge, it is alleged with respect to the same nine pounds of marijuana that after it was smuggled into the United States and with knowledge on your part that it was smuggled marijuana, you thereafter transported it and concealed it. Did you do these things?
>
> THE DEFENDANT: Yes, those two, yes.

The factual basis for the plea sufficiently appears from this and other statements of the defendant in response to the questioning of the court.

█ Rosas' second point is that the trial court erred in failing to inform him that he would be ineligible for parole if sentenced for the offenses charged in the counts to which he pled guilty. In this Circuit Trujillo v. United States, 377 F.2d 266 (5th Cir. 1967), is controlling authority to the contrary.

█ Finally, it is contended that the court erred in failing to inquire as to the voluntariness of the guilty plea. We find no error in the district court's determination that Rosas understood what he was doing and entered his plea voluntarily.

Affirmed.