John Milton ADDISON,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 78–2613
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1979.

Martin P. Miller, Littleton, Colo., for petitioner-appellant.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Arnaldo N. Cavazos, Jr., Asst. U. S. Atty., Dallas, Tex., for respondent-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM.

In 1961, John Milton Addison was convicted in federal court on twelve counts of securities fraud, mail fraud, and conspiracy. On direct appeal we affirmed the convictions. *Addison v. United States*, 317 F.2d 808 (5th Cir. 1963). In 1971, Addison was paroled; in 1976, one day before he was released from parole, Addison petitioned for collateral relief, 28 U.S.C. § 2255, in the Northern District of Texas. The district court adopted the magistrate's findings and

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

recommendations and denied the petition. Addison appeals. We affirm.

Addison alleges[1] that he did not receive effective assistance of counsel because his trial attorney failed to introduce possibly exculpatory evidence. Specifically part of the fraud case against Addison was testimony that he had deceived certain investors by assuring them that his venture was backed by a national brokerage house. Addison's defense was that he honestly and reasonably believed that he had such backing, and he says that in several conversations with his associates he was led to believe that he had the backing of the brokerage house. Some of these conversations were taped; Addison says that his defense counsel should have introduced either the tapes or the other parties to the conversations.

The magistrate, endorsed by the district judge, held that Addison was "in custody" at the time he filed his § 2255 petition, so that that petition could be entertained. This is correct. *See Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Reed v. United States,* 471 F.2d 721, 722 (5th Cir. 1973). The magistrate also held that Addison was not denied the effective assistance of counsel. We agree. The evidence his counsel allegedly overlooked is not strong, and even if Addison had established his good faith belief, there was an abundance of other evidence on the relevant counts. On the facts of this case, one such error—Addison does not assert that his attorney's performance was defective in other ways—does not mean that Addison was denied the "reasonably effective assistance" of counsel. *MacKenna v. Ellis,* 280 F.2d 592, 599 (5th Cir. 1960), *cert. denied,* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961).

AFFIRMED.

---

1. In his original petition Addison also claimed that a semi-audible and otherwise questionable tape recording was illegally introduced against him at trial. The magistrate and district judge ruled against him on this point as well, and on appeal he apparently abandons the claim.