IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40473
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL HERNANDEZ-NAJERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-1210-all
--------------------
November 15, 2002

Before GARWOOD, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joel Hernandez-Najera (Hernandez) appeals his conviction and
sentence following a guilty plea to attempted illegal reentry.
He contends for the first time on appeal that 8 U.S.C.
§ 1326(b)(2) is unconstitutional because it does not require the
prior aggravated felony conviction used to increase his sentence
to be proven as an element of the offense.  He argues that his
conviction should be reformed to the lesser included offense in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

8 U.S.C. § 1326(a) and that he should be resentenced to no more than two years of imprisonment and one year of supervised release.

Hernandez acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). Hernandez's argument is foreclosed. Therefore, Hernandez's conviction and sentence are AFFIRMED.

However, as the Government concedes, the district court's written judgment incorrectly describes the nature of Hernandez's offense as "illegal reentry," when Hernandez was in fact found guilty of the distinct offense of attempted illegal reentry. See United States v. Angeles-Mascote, 206 F.3d 529, 531 (5th Cir. 2000). This case is therefore REMANDED to the district court so that it may correct its clerical error pursuant to FED. R. CRIM. P. 36. See United States v. Sapp, 439 F.2d 817, 821 (5th Cir. 1971).

AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT.