IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40410
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMIRO MENDEZ-PAIZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-1220-ALL
--------------------
November 18, 2002

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Ramiro Mendez-Paiz was convicted of being found in the United States after having been previously deported, excluded, or removed following a conviction of an aggravated felony. For the first time on appeal, he argues 1) that 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and 2) that this court should remand for a correction of

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the judgment of his conviction, which incorrectly referred to his conviction offense as attempted reentry by a deported alien.

Mendez-Paiz correctly notes that his challenge to the constitutionality of 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235, 239-40 (1998), but seeks to preserve the issue for further review. Apprendi did not overrule Almendarez-Torres, and we are bound to follow Almendarez-Torres. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).

The judgment of the district court incorrectly states that Mendez-Paiz was convicted of attempted illegal reentry as opposed to being found in the country after having been previously deported, removed, or excluded following an aggravated felony conviction. See United States v. Angeles-Mascote, 206 F.3d 529, 531 (5th Cir. 2000). The case is therefore REMANDED for correction of this clerical error. FED. R. CRIM. P. 36; United States v. Sapp, 439 F.2d 817, 821 (5th Cir. 1971).

AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT.