IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41107
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL REYNERIO REYES-GOMEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-345-1
--------------------
November 19, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Manuel Reynerio Reyes-Gomez appeals his conviction following a guilty plea to attempted illegal reentry. He argues pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), that the aggravated felony provision of 8 U.S.C. § 1326(b) is an element of the offense of illegal reentry which must be charged in the indictment and found by a jury beyond a reasonable doubt. He correctly concedes that this argument is foreclosed by Almendarez-Torres v. United

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>States</u>, 523 U.S. 224 (1998), and he raises it only to preserve it for Supreme Court review. <u>See also United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000) (<u>Apprendi</u> expressly declined to overrule <u>Almendarez-Torres</u>), <u>cert. denied</u>, 531 U.S. 1202 (2001). We must follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Id</u>. Accordingly, Reyes's conviction is AFFIRMED.

However, as the Government concedes, the district court's written judgment erroneously describes the nature of Reyes's offense as "[b]eing found in the U.S.," when Reyes was in fact found guilty of the distinct offense of attempted illegal reentry. <u>See United States v. Angeles-Mascote</u>, 206 F.3d 529, 531 (5th Cir. 2000). This case is therefore REMANDED so that the district court may correct its clerical error, pursuant to FED. R. CRIM. P. 36. <u>See United States v. Sapp</u>, 439 F.2d 817, 821 (5th Cir. 1971).

AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT.