IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20144
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

AMADO MARTINEZ-RODRIGUEZ,

                                        Defendant-Appellant.

--------------------

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-654-1

--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Amado Martinez-Rodriguez appeals his guilty plea conviction
and sentence for being found in the United States after
deportation/removal in violation of 8 U.S.C. § 1326.  He argues
that the sentencing provisions in 8 U.S.C. § 1326(b) are
unconstitutional on their face and as applied in his case.  He
asks us to vacate his conviction and sentence, reform the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment to reflect a conviction only under 8 U.S.C. § 1326(a), and remand his case for resentencing under that provision.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Martinez-Rodriguez acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been called into doubt by Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED. The Government's motion for a summary affirmance in lieu of filing an appellee's brief is GRANTED. The Government need not file a brief.

However, as the Government concedes, the district court's amended judgment erroneously indicates that Martinez-Rodriguez pleaded guilty of violating 8 U.S.C. § 1326(a) and (b)(2) when he in fact pleaded guilty of violating 8 U.S.C. § 1326(a) and (b)(1). The case is therefore REMANDED for correction of this

clerical error.  See FED. R. CRIM. P. 36; United States v. Sapp,

439 F.2d 817, 821 (5th Cir. 1971).

AFFIRMED; MOTION FOR SUMMARY AFFIRMANCE GRANTED; REMANDED
FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT.