United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 06-40198
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMAS ROJAS-GINES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-520-ALL
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Tomas Rojas-Gines appeals from his guilty plea conviction and sentence for being an alien unlawfully found in the Unites States after deportation in violation of 8 U.S.C. § 1326. Rojas-Gines argues that the "felony" and "aggravated felony" provisions of § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Rojas-Gines contends that Almendarez-Torres was incorrectly decided and that a majority of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Rojas-Gines properly concedes that his argument is foreclosed by <u>Almendarez-Torres</u> and circuit precedent, but he raises it here solely to preserve it for further review.

Rojas-Gines also argues that the written judgment of conviction does not accurately reflect the offense to which he pleaded guilty. As the Government concedes, the written judgment describes Rojas-Gines's offense as attempted reentry of a deported alien, but the record shows that Rojas-Gines pleaded guilty to being an alien unlawfully found in the United States after deportation. This error is a clerical error subject to correction pursuant to FED. R. CRIM. P. 36. <u>See</u> <u>United States v. Sapp</u>, 439 F.2d 817, 820 (5th Cir. 1971). Accordingly, we affirm Rojas-Gines's conviction and sentence and remand this case to the district court for correction of the clerical error in the judgment pursuant to Rule 36.

AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT.