# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2017

Lyle W. Cayce
Clerk

No. 16-20055
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HORTENCIA MEDELES-ARGUELLO, also known as Tencha, also known as
Raquel Medeles Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-628-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Hortencia Medeles-Arguello was convicted by a jury of conspiring to
commit sex trafficking, conspiring to harbor illegal aliens for purposes of
commercial advantage and private financial gain, three counts of money
laundering, and conspiring to commit money laundering. She was sentenced
to a total term of life in prison.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-20055

We review Medeles-Arguello's preserved challenges to the sufficiency of the evidence supporting her convictions for conspiring to commit sex trafficking and for money laundering de novo. *United States v. Garcia-Gonzalez*, 714 F.3d 306, 313 (5th Cir. 2013). Accordingly, "[w]e view the evidence in the light most favorable to the prosecution, and consider whether any rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." *Id.*

"In order to prove a conspiracy, the government must prove . . . that an agreement existed to violate the law and each conspirator knew of, intended to join, and voluntarily participated in the conspiracy." *United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013). In light of, inter alia, the testimonies of numerous witnesses showing that Medeles-Arguello and her co-conspirators knowingly operated a brothel business which caused persons under the age of 18 to engage in commercial sex acts, Medeles-Arguello fails to show that her conviction for conspiring to commit sex trafficking is unsupported. *See* 18 U.S.C. § 1591(a); *United States v. Lockhart*, 844 F.3d 501, 508-09 (5th Cir. 2016); *Chon*, 713 F.3d at 818. As Medeles-Arguello's sufficiency challenge to her 18 U.S.C. § 1956(a)(1)(B)(i) money laundering convictions is entirely based upon her contention that she did not conspire to commit sex trafficking, that challenge necessarily fails. *See Garcia-Gonzalez*, 714 F.3d at 313.

We review Medeles-Arguello's preserved challenge to her U.S.S.G. § 3B1.1(a) leadership enhancement for clear error. *See United States v. Cabrera*, 288 F.3d 163, 173 (5th Cir. 2002). The unrebutted facts contained in the presentence report (PSR), and adopted by the district court, establish that Medeles-Arguello directed the management of the lucrative and extensive brothel business at issue, which involved well over five participants. *See United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2003) (holding that

No. 16-20055

facts contained in PSR generally bear sufficient indicia of reliability to be relied upon by district court for sentencing purposes). Medeles-Arguello fails to show that the district court clearly erred by finding that she was a leader of the sex-trafficking conspiracy under § 3B1.1(a). *See Cabrera*, 288 F.3d at 173-75.

Although Medeles-Arguello's arguments lack merit, we remand this case to the district court pursuant to Federal Rule of Criminal Procedure 36 to correct a clerical error in the written judgment. Specifically, the conviction on Count 6s should be changed to reflect Medeles-Arguello's conviction for conspiring to commit money laundering in violation of 1956(h). *See United States v. Sapp*, 439 F.2d 817, 821 (5th Cir. 1971).

AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR IN WRITTEN JUDGMENT.