# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2021

Lyle W. Cayce
Clerk

No. 19-40381
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESUS RAMIREZ, JR., *also known as* JUSTIN RAMOS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:18-CR-923-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Jesus Ramirez, Jr., pleaded guilty of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) and (e), and was sentenced to 280 months of imprisonment and a lifetime term of supervised release. The district court imposed a special condition of supervised release that "[t]he defendant shall

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

not subscribe to any computer online service, nor shall the defendant access any Internet service, including access via a cellular device, during the length of his/her supervision, unless approved in advance in writing by the United States Probation Officer."

For the first time on appeal, Ramirez challenges the special condition as unreasonably restrictive inasmuch as it requires him to obtain permission before each attempt to use the Internet for routine tasks, urging that such condition is a greater deprivation of liberty than necessary to protect the public or deter him from future crimes. The government concedes the error.

Ramirez's newly raised challenge is reviewed for plain error. *See United States v. Diggles,* 957 F.3d 551, 563 (5th Cir. 2020) (en banc), *cert. denied,* 2020 U.S. LEXIS 5452 (U.S. Nov. 9, 2020). To demonstrate plain error, Ramirez must show (1) a forfeited error (2) that is clear and obvious, and (3) that affects his substantial rights. *See Puckett v. United States,* 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

Because the special condition banning Internet access constitutes a lifetime ban and because it is not clear whether the condition as written would require separate, pre-use approval by Ramirez's probation officer each time Ramirez sought to access the Internet rather than for categories of use, the condition as written, under its most austere interpretation, amounts to clear or obvious error affecting Ramirez's substantial rights. *See United States v. Sealed Juvenile,* 781 F.3d 747, 756–57 (5th Cir. 2015). Consequently, we exercise our discretion to correct the error. *See id.* We therefore AFFIRM the special condition subject to the interpretation that approval is not required for each instance of computer usage and Internet access. *See id.*

No. 19-40381

Ramirez contends that the judgment contains a clerical error requiring remand for correction per Federal Rule of Criminal Procedure 36. We agree. Although the written judgment cites the correct statute of conviction, it incorrectly describes the "Nature of Offense" as "Solicitation of a Minor" instead of "Sexual Exploitation of a Child." The case is therefore REMANDED for the limited purpose of correcting the clerical error in the judgment. *See United States v. Sapp*, 439 F.2d 817, 821 (5th Cir. 1971).