**UNITED STATES of America**

**v.**

**Jerome CANTOR, a/k/a "Jerry," a/k/a "The Teacher", et al.**

**Appeal of Nathan ROTHMAN.**

**No. 72-1429.**

United States Court of Appeals, Third Circuit.

Argued Sept. 25, 1972.

Decided Oct. 25, 1972.

Benjamin R. Donolow, Philadelphia, Pa., for appellant.

Richard A. Levie, Appellate Section, Criminal Division, Department of Justice, Washington, D. C., for appellee.

Before STALEY, VAN DUSEN and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This appeal challenges a March 23, 1972, district court order denying a defendant's application to withdraw his September 13, 1972, plea of nolo contendere to two counts of an indictment, which the district court treated as a request to set aside the judgment of conviction and to permit the defendant to withdraw his plea under F.R.Crim.P. 32 (d).[1] Rothman, 17 other named individuals, and "other persons to the Grand Jury unknown" were charged in Count I of the indictment with knowingly, willfully and unlawfully, conspiring to commit offenses in violation of 18 U.S.C. §§ 1952, 2, and 371, it being (1) "the object of said conspiracy that the defendants would carry on and facilitate the carrying on of an unlawful activity consisting of a business enterprise involving gambling offenses in violation of the laws of . . ." Pennsylvania, New Jersey (2A N.J.Stat.Ann. 112–3), California and New York, and (2) "the further object of said conspiracy that the defendants would use interstate telephone facilities and would cause interstate tele-

1. Rothman's petition submitted, inter alia. that his "plea of nolo contendere was made in reliance on the court's position that merely getting information from another state would constitute the offense of the conspiracy," and that the "Court, in order to correct this manifest injustice should allow your petitioner to withdraw his plea of nolo contendere and enter a plea of not guilty." The use of the term "manifest injustice" would indicate that petitioner was moving under Rule 32(d), which provides, inter alia, " . . . to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

phone facilities to be used with intent to carry on and facilitate the carrying on of said unlawful activity and that the defendants would thereafter perform and cause to be performed acts to carry on and facilitate the carrying on of said unlawful activity." [2] Count II of the indictment charged defendant, under 18 U.S.C. §§ 1952 and 2, with knowingly, willfully, and unlawfully using and causing to be used a facility in interstate commerce (telephone facilities between Abington, Pa., and Vineland, N. J.), with intent to carry on an unlawful activity consisting of a business enterprise involving gambling offenses, in violation of 2A N.J.Stat.Ann. 112–3.

 As the district court properly noted, a failure to scrupulously comply with Rule 11 will invalidate a plea without 'a showing of manifest injustice.' McCarthy v. United States, 394 U.S. 459, 463–464, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1968).[3]

The defendant, Nathan Rothman, contends that his plea was entered involuntarily, because he mistakenly relied on the district court's explanation of the charge against him.[4]

---

2. Paragraphs 42 and 43 of the OVERT ACTS charged in Count I read:
 "42. From November 26, 1969 to November 29, 1969, inclusive, NATHAN ROTHMAN, a/k/a 'Nate' and HOWARD RUBIN, a/k/a 'Howie' had telephone conversations in interstate commerce between the District of New Jersey and the Eastern District of Pennsylvania.
 "43. From November 30, 1969 to December 2, 1969, inclusive, NATHAN ROTHMAN, a/k/a 'Nate' and JEROME CANTOR, a/k/a 'Jerry, a/k/a 'The Teacher' had telephone conversations in interstate commerce between the District of New Jersey and the Eastern District of Pennsylvania."

3. Rule 11 provides:
 "A defendant may plead . . . , with the consent of the court, nolo contendere. The court . . . shall not accept . . . a plea of nolo contendere without first addressing the defendant personally and determining that plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."
 In McCarthy v. United States, *supra*, the court said at pp. 463–464 and 466–467, 89 S.Ct. at pp. 1169 and 1171:
 ". . . we hold that a defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11.
 ". . . because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.
 "Thus, in addition to directing the judge to inquire into the defendant's understanding of the nature of the charge

and the consequences of his plea, Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea. The judge must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.' "

4. Rothman refers to the following colloquy:
 "MR. FILIPPONE: He will plead nolo contendere but he says that, and I assume—I wasn't here during the period of one or two of these pleas but he likes to make the same distinction that one of the defendants made, that he is not really in a conspiracy as such. He will plead nolo contendere to everything that he is charged with here but he likes to make the distinction that he was a bettor and he did bet and he just doesn't think he is in the overall picture of general conspiracy. But he will plead to that of nolo contendere.
 "THE COURT: Of course, you understand, Mr. Rothman, that you have the right to stand trial if you say that you are not involved in this.
 "I am sure that your attorney has explained to you the necessary elements of a conspiracy.
 "THE DEFENDANT: That is true.
 "THE COURT: It doesn't necessarily mean that you have to conspire with each and every one or even to know each and every one of the other

██ Rule 11 requires the judge to inquire into the defendant's understanding of the nature of the charge against him, and whether the defendant possesses an understanding of the law in relation to the facts. *McCarthy, supra* at 466, 89 S.Ct. 1166.[5] Recently this court has stated that in order "to satisfy itself that the defendant actually does comprehend the charges, the court must explain the meaning of the charge and what basic acts must be proved to establish guilt." Woodward v. United States, 426 F.2d 959, 962 (3d Cir. 1970).

█ After a careful examination of the transcript of the arraignment proceedings on September 13, 1971, we find that the district court's explanation of what basic acts must be proven to constitute guilt of the crime charged, after Rothman's counsel had insisted Rothman

was only a bettor, was incomplete and misleading in light of the construction placed upon 18 U.S.C. § 1952 by Rewis v. United States, 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971). In *Rewis* the Supreme Court made clear that § 1952 was primarily aimed at "organized crime," and that the purpose of a mere bettor "must involve more than the desire to patronize the illegal activity." 401 U.S. at 811, 91 S.Ct. at 1059.

The record does not show that the court correctly stated to Rothman, or that he truly understood, the elements necessary to prove the conspiracy charged in Count 1 or the substantive offense charged in Count 2. Therefore, the judgment of conviction will be vacated, with direction that the defendant is entitled to withdraw his plea[6] and to be brought before the court for arraignment again.

---

persons that are involved, but if you use means of interstate communication, as is alleged here between New Jersey and Pennsylvania, for the purpose of getting certain gambling information which came from out-of-state or from another state, and you knew that it was coming from another state, then this could constitute the offense of the conspiracy charge.

"THE DEFENDANT: With that distinction, I have to go along with the plea of nolo contendere."

The following discussion took place in open court when the defendant Rubin, who was arraigned before Rothman, entered his plea to Count 2:

"As to Count 2, that relates to the receipt by Mr. Rubin as well as Mr. Cantor of telephone calls from the defendant Nathan Rothman from Vineland, New Jersey, where Mr. Rothman was conducting his gambling business, and these calls were intercepted pursu-

ant to wire tap, and we have the telephone toll records indicating that, of course, these were interstate telephone calls."

However, it is noted that Rothman's attorney stated that "I wasn't here during the period of one or two of these pleas" (A. 15).

5. The Supreme Court explained that compliance with Rule 11 will not only insure the accused procedural safeguards, "but also will help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of when the original record is inadequate." 394 U.S. at 472, 89 S.Ct. at 1174.

6. Since a plea that fails to comply with Rule 11 will be void, see *McCarthy, supra,* we need not reach the allegation that there was a manifest injustice under Rule 32(d).