UNITED STATES of America,
Respondent,

v.

John Owen TYLER, Petitioner.

No. 76–175–Civ–J–S.

United States District Court
M. D. Florida,
Jacksonville Division.

May 28, 1976.

On Motion for Judgment on the
Pleadings June 3, 1976.

M. H. Myerson, Jacksonville, Fla., Wesley R. Asinof, Fayetteville, Ga., for petitioner.

Asst. U. S. Atty. Charles B. Lembcke, Jacksonville, Fla., for the U. S.

## ORDER

CHARLES R. SCOTT, District Judge.

Petitioner was a defendant in *United States v. Tyler,* 68–125–Cr–J–M. On December 22, 1975, he filed his petition for writ of error coram nobis in that case. The Court, by order of March 8, 1976, transferred the petition, together with the Court's show cause order and respondent's response, to the Court's civil docket. The Court's reasoning was that "the nature of a petition for writ of error coram nobis is a postjudgment, collateral civil action attacking the conviction" of a defendant-petitioner who is no longer in any form of custody, but who continues to suffer consequential and collateral disabilities from his conviction.

There is no question that a petition for writ of error coram nobis, as a postjudgment proceeding attacking a criminal conviction, is civil in nature: it is "of the same general character as one under 28 U.S.C. § 2255." *United States v. Morgan,* 346 U.S.

502, 505 n.4, 74 S.Ct. 247, 249, 98 L.Ed. 248 (1954); *United States v. Keogh,* 391 F.2d 138, 140 (2d Cir. 1968). It is under the time period of the civil rules for purposes of appealing orders. *United States v. Keogh, supra,* at 140; *but see United States v. Mills,* 430 F.2d 526, 528 (8th Cir. 1970).

Nonetheless, it is equally certain that, despite its civil character, a petition for writ of error coram nobis "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding." *United States v. Morgan, supra,* 346 U.S. at 505 n.4, 74 S.Ct. at 249; *United States v. Bursey,* 515 F.2d 1228, 1233 (5th Cir. 1975); *United States v. Keogh, supra,* at 140; *United States v. Flanagan,* 305 F.Supp. 325, 327 (E.D.Va.1969); *United States v. Marcello,* 202 F.Supp. 694, 696 (E.D.La.1962). The reason for this is that under Fed.R.Civ.P. 60(b), coram nobis has been abolished for original civil actions; and the Court's authority to issue writs of error coram nobis stems from the "all writs" provision of 28 U.S.C. Sec. 1651(a).

For example, in *NLRB v. Tennessee Prods. & Chem. Corp., Roane Electric Furnace Div.,* 329 F.2d 873, 874 (6th Cir. 1964), three employees who had been laid off filed a petition for writ of error coram nobis with the United States Court of Appeals for the Sixth Circuit, seeking to have that Court vacate its order enforcing an order of the National Labor Relations Board. The Sixth Circuit held that it had no authority to entertain a petition for writ of error coram nobis in such a civil case. *Id.* at 874.

Coram nobis is, then, a hybrid action: quasi-civil and quasi-criminal. It is a remedy available in a criminal case to correct fundamental errors that render that proceeding irregular and its judgment invalid. *Pasha v. United States ,* 484 F.2d 630, 631 (7th Cir. 1973); *Cline v. United States,* 453 F.2d 873, 874 (5th Cir. 1972); *Benson v. State Board of Parole & Probation,* 384 F.2d 238, 239 (9th Cir. 1967); *Abel v. Tinsley,* 338 F.2d 514, 515 (10th Cir. 1964); *United States v. Summa,* 362 F.Supp. 1177, 1179 (D.Conn.1972). Nevertheless, because it is a

postjudgment attack upon a conviction by a defendant no longer in any form of custody, and insofar as it is still governed by civil rules, forms and pleadings, its character reflects the vestiges of its civil origins: the intrinsic all-writs jurisdiction of the Court.

■ It is clear now, however, that a petition for writ of error coram nobis should be docketed in the original criminal proceeding whose judgment is being challenged. *United States v. Marcello, supra,* at 696, and it should not be transferred to the Court's civil docket as a separate, new civil proceeding. Consequently, the Court will vacate and set aside its order that did so transfer this petition to the civil docket, and will return it to the docket of the original criminal proceeding in which it was filed. It is, therefore,

ORDERED:

(1) The Court's order of March 8, 1976, transferring this petition for writ of error coram nobis to the Court's civil docket, is hereby vacated and set aside.

(2) This petition for writ of error coram nobis is hereby returned to the docket of the original criminal proceeding, 68–125–Cr–J–M, in which it was filed.

(3) Case No. 76–175–Civ–J–S is hereby dismissed.

(4) The Clerk of the Court is hereby directed to refund to petitioner, by and through his counsel, the $5.00 filing fee required when the petition was transferred to the Court's civil docket.

## ON MOTION FOR JUDGMENT ON THE PLEADINGS AND WRIT OF ERROR CORAM NOBIS

This cause is before the Court on petitioner's motion for judgment on the pleadings in his petition for writ of error coram nobis.

Petitioner, previously a defendant herein, was adjudicated guilty and sentenced to pay a fine of $2,000.00 on June 19, 1970, by the Honorable William A. McRae, Jr., after entry and acceptance of a plea of guilty. Petitioner had been indicted for traveling in interstate commerce with the intent to carry on, or to facilitate carrying on, the illegal conduct of gambling, in violation of 18 U.S.C., Section 1952(a)(3) (1970). He now invokes the Court's all-writs jurisdiction under 28 U.S.C., Section 1651(a), petitioning for a writ of error coram nobis. *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *Correa-Negron v. United States,* 473 F.2d 684, 685 (5th Cir. 1973), *cert. den.* 414 U.S. 870, 94 S.Ct. 89, 38 L.Ed.2d 88 (1973); *United States v. Travers,* 514 F.2d 1171 (2d Cir. 1974); *Rewak v. United States,* 512 F.2d 1184, 1186 (9th Cir. 1975); *Ybarra v. United States,* 461 F.2d 1195, 1197 (9th Cir. 1972); *Lee v. United States,* 501 F.2d 494, 500 (8th Cir. 1974); *Bruno v. United States,* 474 F.2d 1261, 1263 (8th Cir. 1973); *United States v. Norman,* 391 F.2d 212, 213 (6th Cir. 1968), *cert. den.* 390 U.S. 1014, 88 S.Ct. 1265, 20 L.Ed.2d 163 (1968).

The question presented is if (1) in reliance on the trial Court's characterization of the offense with which he is charged a defendant enters a guilty plea; but (2) controlling law had previously specified that the offense did not include mere participation; and (3) even while entering his guilty plea the defendant continued to declare that he had been a mere participant; was that plea truly voluntary and informed concerning the nature of the charge, and was there a factual basis for that plea, as required by Federal Rule of Criminal Procedure 11.

■ Federal Rule of Criminal Procedure 11 requires that, before accepting a guilty plea, a federal Court must ascertain (1) that the defendant enters his plea voluntarily, knowing the nature of the charges against him and the consequences of his plea; and (2) that there is a genuine factual basis establishing the necessary elements of the offense(s) to which the defendant has pled. *McCarthy v. United States,* 394 U.S. 459, 466–67, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *LaBar v. United States,* 522 F.2d 202, 203 (5th Cir. 1975); *Reed v. United States,* 471 F.2d 721, 722 (5th Cir. 1973); *United States v. Cantor,* 469 F.2d 435, 437–38, and nn. 5 and 6 (3d Cir. 1972); *Gilbert v. United States,* 466 F.2d 533, 534 (5th Cir. 1972).

Since April 2, 1969, guilty pleas which are accepted without the Court making such determinations are invalid per se, and the defendant must be given an opportunity "to plead anew." *Halliday v. United States,* 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).

■ To establish a factual basis for an informed and voluntary guilty plea to violating 18 U.S.C., Section 1952(a)(3), one must show that three necessary elements exist: (1) travel in interstate commerce, or the use of interstate commerce facilities; (2) a specific intent to promote, manage, establish, carry on, or to facilitate promotion, management, establishment, or carrying on, certain statutorily proscribed activities; and (3) an attempt, or an actual accomplishment, of such. *United States v. Gibson Specialty Co.,* 507 F.2d 446, 449 (9th Cir. 1974); *United States v. Gebhart,* 441 F.2d 1261, 1263 (6th Cir. 1971), *cert. den.* 404 U.S. 855, 92 S.Ct. 97, 30 L.Ed.2d 96 (1971). *See United States v. Gooding,* 473 F.2d 425, 427 (5th Cir. 1973), *cert. den.* 412 U.S. 928, 93 S.Ct. 2752, 37 L.Ed.2d 155 (1973).

In *Rewis v. United States,* 418 F.2d 1218 (5th Cir. 1969), the United States Court of Appeals for the Fifth Circuit reversed the conviction of two Georgia residents who crossed interstate lines to place bets in a numbers operation at a clandestine gambling establishment in Florida. The Fifth Circuit interpreted the verbs in 18 U.S.C., Section 1952(a)(3):

> "We do not believe that the patronizing by interstate gamblers of a gambling establishment fits within the terminology of 'promote, manage, establish, carry on, or facilitate the promotion, management, establishment or carrying on of any unlawful activity.'" *Id.* at 1221.

Because the evidence was not sufficient to show anything more than mere participation as bettors in the gambling, there was not as a matter of law an evidentiary fact basis upon which a jury could have found the two defendants guilty of violating Section 1952(a)(3). *Id.* The United States Su-

preme Court expressly approved that interpretation and the decision in accordance with it. *Rewis v. United States,* 401 U.S. 808, 811, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971), *aff'g on that point, rev'g on other grounds,* 418 F.2d 1218 (5th Cir. 1969). *Accord, United States v. LeFaivre,* 507 F.2d 1288, 1291–92 (4th Cir. 1974), *cert. den.* 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 762 (1975); *United States v. Gibson Specialty Co.,* 507 F.2d 446, 450 (9th Cir. 1974).

■ At the time that petitioner entered his guilty plea on June 19, 1970, he admitted that he had been a bettor, but he specifically rejected any further characterization of his participation that might have constituted the offense under Section 1952(a)(3) (TR 8–9). In *United States v. Cantor,* 469 F.2d 435 (3d Cir. 1972), the defendant had merely been a bettor in the gambling operation. *Id.* at 437. The United States Court of Appeals for the Third Circuit found that the defendant had entered his nolo contendere plea in reliance upon an explanation of the charges that was mistaken, misleading, and incomplete in view of the construction of Section 1952(a)(3) by the Supreme Court and the Fifth Circuit in the two *Rewis* cases, *supra. Id.* at 437, n. 4 and 438. The Third Circuit declared that the

> ". . . record does not show that the court correctly stated to Rothman (the defendant), or that he truly understood, the elements necessary to prove . . ."

in order to convict him of the crime charged as required under Rule 11 and *McCarthy. Id.* at 438. Therefore, the Third Circuit vacated the judgment of conviction and directed the lower Court to allow the defendant to withdraw his plea and to arraign him again. *Id.*

In its response to the Court's order to show cause, the government expressly admitted error in the Court's acceptance of petitioner's guilty plea in 1970. Accordingly, petitioner's motion for judgment on the pleadings must be granted, and the writ of error coram nobis must issue.

ORDERED AND ADJUDGED:

1. Petitioner's motion for judgment on the pleadings is hereby granted.

2. Petitioner is hereby granted the writ of error coram nobis.

3. Petitioner's guilty plea, conviction and adjudication of guilt, and sentence imposed in this case, of June 19, 1970, is hereby vacated and set aside.

4. Respondent is hereby ordered to afford petitioner an opportunity to enter his plea anew to the one-count indictment in this case within sixty (60) days from the date of this order; or petitioner shall forever be discharged from the offense, forever barring prosecution for that offense or for any other offenses which were, or might have been, charged as based on the same conduct or arising from the same criminal episode.