UNITED STATES of America

v.

Anna ZAMPITELLA, a/k/a
Anna DiMattina.

Cr. No. 70–241.

United States District Court,
E. D. Pennsylvania.

July 9, 1976.

Robert E. J. Curran, U. S. Atty., Gilbert J. Scutti, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

James J. Orlow, Wasserman, Orlow, Ginsberg & Rubin, Philadelphia, Pa., for defendant-petitioner.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

The defendant-petitioner has moved to withdraw her plea of guilty. She was indicted on three counts of conspiracy to import narcotics, importing narcotics, and purchasing and distributing narcotics not in a package bearing tax revenue stamps. On September 15, 1970, she pleaded guilty to Count Three before the late Honorable Harold K. Wood. Judge Wood accepted the plea and on October 9, 1970 imposed a sentence of three-years—five months to be served in custody and the remainder on probation—and a fine of $5,000.00. Petitioner has completed the sentence; she was excused from the fine on a later motion.

Because of her conviction, petitioner was found deportable and ineligible for relief from deportation. *See* 8 U.S.C.

§ 1251(a)(11). The Board of Immigration Appeals dismissed her appeal and the Court of Appeals denied her petition for review. *DiMattina v. Immigration and Naturalization Service,* 497 F.2d 921 (3d Cir.), *cert. denied,* 419 U.S. 1088, 95 S.Ct. 678, 42 L.Ed.2d 680 (1974). Petitioner's warrant of deportation to Ecuador has been stayed pending the resolution of this motion to withdraw the guilty plea. We will grant the motion.

Petitioner argues that her guilty plea must be vacated because the colloquy at the time of her change of plea did not conform to the requirements of Rule 11 of the Federal Rules of Criminal Procedure. The entire colloquy is reproduced in the Appendix to this opinion.

■ The government contends that a guilty plea cannot be withdrawn after imposition of sentence unless "manifest injustice" would result. Fed.Rule Crim.Pro. 32(d). However, it is settled that a plea may be withdrawn where the court fails "to scrupulously comply with Rule 11." *United States v. Cantor,* 469 F.2d 435, 437 (3d Cir. 1972). *See McCarthy v. United States,* 394 U.S. 459, 463–64, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

■ The colloquy was deficient in two respects. First, the judge failed to ascertain whether petitioner understood the nature of the charges. In *Woodward v. United States,* 426 F.2d 959, 962 (3d Cir. 1970), the court noted that:

"Routine questioning or a single response by the defendant that he understands the charge is insufficient. To satisfy itself that the defendant actually does comprehend the charges, the court must explain the meaning of the charge and what basic acts must be proved to establish guilt." (Footnote omitted.)

*See United States v. Cantor, supra.* In *Paradiso v.United States,* 482 F.2d 409 (3d Cir. 1973), the court observed that reading the indictment to the defendant could satisfy this requirement of Rule 11, but even that was not done in this case.

In addition, the judge failed to establish that there was a factual basis for the plea as required by Rule 11. The Advisory Committee notes for Rule 11 state that:

"The court should satisfy itself, by inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise, that the conduct which the defendant admits constitutes the offense charged in the indictment."

■ The government argues that the judge's possession of a presentence report detailing petitioner's conduct satisfied this requirement. The Court of Appeals, in *Paradiso, supra,* 482 F.2d at 416, specifically did not decide whether this would suffice to establish the factual basis for the plea. We hold that it does not. We agree with the Second Circuit that "any additional facts on which the court relies in determining that there is a factual basis for the plea must be put into the record at the time of the plea." *Irizarry v. United States,* 508 F.2d 960, 967 (2d Cir. 1974). The purpose of Rule 11 is to ensure on-the-record support for the plea. *McCarthy, supra.* In this case, it is clear that the judge did not even have the presentence report at the time he accepted the guilty plea. *See* Appendix; *Gilbert v. United States,* 466 F.2d 533 (5th Cir. 1972).

The colloquy not having complied with the requirements of Rule 11, we must permit petitioner to withdraw her plea of guilty. In light of the disposition of the motion on this basis, we find it unnecessary to reach petitioner's contention that she was entitled to be informed that her plea would lead to her deportation.

## APPENDIX

### CHANGE OF PLEA

MR. MARCONE: Good morning, Your Honor. I am Frank Marcone, a member of the Delaware Count Bar and also the Federal Bar. I represent Mrs. Zampitella and I would like to inform the court this morning that our intention is to change the plea as to one of the counts, the third count of the indictment.

MR. SUTTON: May the record show that if the Court accepts this plea to count 3 which we understand to be a non-mandatory count, sir, at the time of sentencing the Government will ask the Court to dismiss counts 1 and 2.

THE COURT: Are you prepared to change the plea now?

MR. MARCONE: We are, Your Honor.

THE COURT: Well, I will have some questions.

ANNA ZAMPITELLA, was examined as follows:

BY THE COURT:

Q  Now, Mrs. Zampitella you have read the indictment and are aware of the charge against you?

A  Yes, Your Honor.

Q  You have discussed it with counsel, I presume?

A  Yes.

Q  And you admit the allegations contained in Count No. 3?

A  Yes.

Q  You do this without any reservation whatsoever?

A  Yes, I do.

Q  Are you mentally fit to decide what to do under these circumstances?

A  Yes, I am.

Q  Have you received any promises or inducements from anyone to do this?

A  None at all.

Q  You are doing it entirely on your own?

A  Yes.

Q  Are you aware that under the Act applicable to this count which you are pleading to you may be sentenced to as much as ten years in prison and a fine of $20,000?

A  Yes.

THE COURT: Very well. We will accept the plea.

THE CLERK: Anna Zampitella, you have heretofore pleaded not guilty to a three-count indictment, Criminal No. 70-241 charging you with conspiracy to import and importing a narcotic drug, and receiving, concealing and facilitating the transportation and concealment of the same; purchasing and distributing a narcotic drug not in the original stamped package. How say you now as to Count 3, guilty or not guilty?

DEFENDANT: Guilty.

THE COURT: Very well. We will order a pre-sentence report and continue bail. You will be notified when to appear for sentence.

Now, will you take Mrs. Zampitella over to the Probation Office, please Mr. Marcone?

MR. MARCONE: Yes, I will, Your Honor.