**Ruel HUX, Jr., Petitioner-Appellant,**

v.

**A.I. MURPHY, Warden and The State of Oklahoma, Respondents-Appellees.**

No. 82–2410.

United States Court of Appeals, Tenth Circuit.

May 7, 1984.

Ruel Hux, Jr., pro se.

Michael C. Turpen, Atty. Gen., and David W. Lee, Asst. Atty. Gen., the State of Oklahoma, Oklahoma City, Okl., for respondents-appellees.

Before SETH, Chief Judge, and BARRETT and McKAY, Circuit Judges.

McKAY, Circuit Judge.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

I

Ruel Hux appeals the district court's denial of his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254 (1976). Mr. Hux was convicted of second degree burglary by a jury in Oklahoma state court and sentenced to twenty-eight years' imprisonment. At trial, the court instructed the jury that there is a "legal presumption that one intends the obvious and natural consequences of his acts, unless the contrary is shown." Record on Appeal to Okla.Crim.App., vol. 1, at 10. Although this instruction is arguably unconstitutional, *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), Mr. Hux did not object to it at trial. Mr. Hux challenged the instruction on direct appeal. The Oklahoma Court of Criminal Appeals held that since he had not objected to the instruction at trial, he could obtain a reversal on direct appeal only if the instruction was "fundamental error." The court held that the instruction was not fundamental error and affirmed Mr. Hux's conviction. Mr. Hux then filed a petition for habeas corpus in federal district court. The district court held that since Mr. Hux had not objected to the instruction at trial, he could challenge it in a federal habeas corpus proceeding only by satisfying the "cause and prejudice" standard of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). It then dismissed his petition, holding that he had not satisfied *Wainwright*.

II

In *Wainwright*, a state criminal defendant had failed to comply with a state contemporaneous objection rule when some evidence was introduced against him. Because of his failure to object, the defendant was precluded by state law from asserting on direct appeal that admission of the evi-

dence violated *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). After exhausting his state remedies, the defendant petitioned for habeas corpus in federal district court. The Supreme Court held that unless he could show "cause for the noncompliance and ... actual prejudice resulting from the alleged constitutional violation," his procedural default in the state court barred his assertion of the trial court's error in a petition for habeas corpus in federal court. 433 U.S. at 84–91, 97 S.Ct. at 2505–2508. Two terms later, the Court held that the "cause and prejudice" test applies only when the state courts invoke state law to dismiss a defendant's federal claims on procedural grounds; a habeas petitioner need not satisfy the "cause and prejudice" test if he failed to comply with a state procedural rule but the state courts nevertheless considered his claim on the merits on direct appeal. *Ulster County Court v. Allen*, 442 U.S. 140, 147–54, 99 S.Ct. 2213, 2219–23, 60 L.Ed.2d 777 (1979); *cf. Connecticut v. Johnson*, 460 U.S. 73, 80 n. 8, 103 S.Ct. 969, 974 n. 8, 74 L.Ed.2d 823 (1983) (no adequate, independent state ground precluding direct appeal to United States Supreme Court if, after failure to object, state court reviews on merits under "exceptional circumstances" rule). As the Supreme Court has explicitly pointed out, and as this court has held, the "cause and prejudice" test does not apply in such a case even if the state court's review on direct appeal is restricted to plain error. *See Engle v. Isaac*, 456 U.S. 107, 135 n. 44, 102 S.Ct. 1558, 1575 n. 44, 71 L.Ed.2d 783 (1982); *Morishita v. Morris*, 702 F.2d 207, 209 (10th Cir.1983); *cf. Ulster County*, 442 U.S. at 151 n. 10, 99 S.Ct. at 2221 n. 10 ("cause and prejudice" inapplicable when state court review limited to violations of fundamental constitutional rights). In the instant case, although Mr. Hux failed to object to the challenged instruction at trial, the Oklahoma Court of Criminal Appeals nevertheless reviewed his claim under its "fundamental error" rule. Thus, Mr. Hux need not satisfy the "cause-and-prejudice" test, and his claim is properly before us on the merits.

## III

In *Sandstrom*, the Supreme Court reversed a state criminal conviction on the basis of the trial court's jury instruction that "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts." 442 U.S. at 513, 99 S.Ct. at 2453. The Court held that the instruction might have been interpreted by the jury as shifting the burden of proof of intent, an element of the crime charged, to the defendant. The instruction therefore violated the due process requirement that the state obtain a conviction only upon proof beyond a reasonable doubt of all elements of a crime. *See In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970).

In *Connecticut v. Johnson*, 460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983), the Court affirmed the Connecticut Supreme Court's reversal of a conviction after a trial in which a jury instruction violated *Sandstrom*. A plurality wrote that

> a conclusive presumption on the issue of intent is the functional equivalent of a directed verdict on that issue.
>
> . . . .
>
> Because a conclusive presumption eases the jury's task, "there is no reason to believe the jury would have deliberately undertaken the more difficult task" of evaluating the evidence of intent....
>
> ... If the jury may have failed to consider evidence of intent, a reviewing court cannot hold that the error did not contribute to the verdict. The fact that the reviewing court may view the evidence of intent as overwhelming is then simply irrelevant.

*Id.* at 976–77 (citations and footnotes omitted). The plurality concluded that a *Sandstrom* error, with rare exceptions, cannot be harmless. *Id.* at 977–78. Before applying the *Johnson* plurality to Mr. Hux's petition, however, we must consider whether the instruction amounted to a *Sandstrom* error.

Before the plurality in *Johnson* reached the question of whether a *Sandstrom* error can ever be considered harmless, they reviewed the Connecticut Supreme Court's decision finding a *Sandstrom* error.

In accordance with *Sandstrom* the court analyzed the charge as a whole to determine how the jury might have interpreted it; the court balanced other portions of the charge against the challenged language essentially to determine whether "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process."

*Johnson,* at 974 (quoting *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973); *see also, United States v. Frady,* 456 U.S. 152, 169, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982) ("[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.") We must also make that initial inquiry.

■ In determining whether a *Sandstrom* error has been committed in the context of the overall charge, the "test is whether any 'reasonable juror could have given the presumption conclusive or persuasion-shifting effect.'" *Engle v. Koehler,* 707 F.2d 241, 244 (6th Cir.1983) (quoting *Sandstrom,* 442 U.S. at 519, 99 S.Ct. at 2456), *aff'd* — U.S. —, 104 S.Ct. 1673, 80 L.Ed.2d 1 (1984) (judgment below affirmed by an equally divided Supreme Court; Marshall, J., not participating). Viewing the charge as a whole, we find that Mr. Hux has not demonstrated that the challenged jury instruction impermissibly shifted the burden of proof. The trial court explicitly told the jury that intent was an element of burglary, and that Mr. Hux could be convicted only if the State proved each element of the crime beyond a reasonable doubt. Accordingly, on the specific facts of this case, we find no *Sandstrom* error and the judgment of the district court is affirmed.

BARRETT, Circuit Judge, concurring:

I fully concur in light of the fact that the Oklahoma Court of Criminal Appeals reached the merits of the challenge to the instruction to the jury, notwithstanding the failure of Hux's counsel to lodge a contemporaneous instruction as required by Oklahoma law. If the state appellate court on direct appeal does not reach the merits of the federal constitutional claim and, instead, refuses to consider the issue for want of a trial court contemporaneous objection, our opinion in *Runnels v. Hess,* 713 F.2d 596 (10th Cir.1983) demonstrates that absent a contemporaneous objection the Supreme Court opinions in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) and *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) have, in the context of a federal habeas corpus case involving a challenge to a state court criminal conviction, strictly required a state habeas corpus petitioner to demonstrate both "cause" for failure to lodge a contemporaneous objection and actual "prejudice" resulting therefrom. While the Supreme Court did observe that "In appropriate cases those principles must yield to the imperative of a fundamentally unjust incarceration," *Engle v. Isaac,* 456 U.S. at p. 135, 102 S.Ct. at p. 1575, the court nevertheless expressed confidence that prisoners falling victims of such a miscarriage of justice "will meet the cause-and-prejudice standard ..." 456 U.S. at p. 135, 102 S.Ct. at p. 1575. Thus, the "cause" and "prejudice" standard is a difficult one to hurdle in terms of proof.