STATE OF MAINE
CUMBERLAND, SS.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2003 JUL 18 P 4: 17

SUPERIOR COURT
CRIMINAL ACTION
Docket No.   CR-01-671
TED-CUM - 7/.%

KEVIN BAK,
          Petitioner

v.

STATE OF MAINE,
          Respondent

DECISION AND JUDGMENT

DONALD L. GARBRECHT
LAW LIBRARY

AUG 18 2003

The petitioner was convicted on June 4, 1999, of assault (Class D), 17-A M.R.S.A. § 207.  Upon his plea of guilty, Mr. Bak was sentenced to 120 days at the Cumberland County Jail.  The sentence was suspended and he was placed on probation for the period of one year. He was represented by counsel.

The petitioner subsequently filed a petition for post-conviction review stating that there is a pending a federal prosecution seeking his deportation for which the criminal judgment for assault is an element of the new federal proceeding.

Bak now asserts that the assault conviction was the result of a "misinformed guilty plea." He seeks to have that judgment vacated and the case be returned to the trial docket.

The petitioner is not a United States citizen.  As a result of the assault conviction, he is subject to deportation.  He alleges that his attorney was ineffective in that he neither investigated his status as a non-U.S. citizen nor informed him that if he was found guilty of a "domestic assault" he would be subject to deportation and being returned to Cambodia, his country of origin.

The State has moved to dismiss the petition alleging that he is not currently under any restraint as required by 15 M.R.S.A. § 2124, and that deportation proceedings conducted by the Immigration and Naturalization Service are civil administrative

hearings and are not the type of proceedings that are within the purview of a post-conviction petition. *See Zadrydas v. Davis,* 533 U.S. 578, 121 S.Ct. 2491 (2002).

Six months after the State filed its motion to dismiss, the petitioner filed a petition for writ of *coram nobis* acknowledging that Bak is not under any restraint that would allow relief pursuant to 15 M.R.S.A. § 2122 *et seq.*

In the alternative, he seeks a writ of *coram nobis* on the grounds that it is a remedy available when a person has completed his sentence and is no longer in custody, *See United States v. Taylor,* 413 F.Supp. 1403, 1404 (S.D. Fla. 1976), *United States v. Morgan,* 346 U.S. 502, 74, S.Ct. 247 (1954), and that the Maine Superior Court has allowed a writ of *coram nobis* when a non-citizen was convicted of a deportable crime and the sentence had already been served. *See State v. Sam,* Superior Court, York County, docket no. CR-97-1718. Counsel fails to note, however, that in the *Sam* case the court approved the writ and subsequent dismissal "upon agreement of the parties." In this case the petitioner has not provided a record as to the circumstances leading to the issuance of the writ and dismissal of *Sam's* case or whether there were other considerations such as a new plea to a non-deportable offense.

The State objects to the issuance of a writ on the basis that the current Maine statutes for post-conviction review, 15 M.R.S.A. § 2121, *et seq.* are "the exclusive method of review of . . . criminal judgments and of post-conviction proceedings . . . ." The purpose of this post-conviction procedure was to replace the several and various procedures for post-conviction relief and to provide for a single comprehensive method of review. 15 M.R.S.A. § 2122.[1] The petitioner argues that this is effective only "to the extent that review of a criminal conviction or proceedings are reviewable," and that even though he is not under any present restraint or impediment, the remedy is still

---

[1] P.L. 1979, c.701 and P.L. 1997, c.399, § 1.

unavailable. Citing *United States v. Morgan*. This, however, ignores the subsequent enactment of section 2122 that makes direct reference to the point that it replaces, *inter alia*, "remedies available pursuant to common law . . . *coram nobis* . . . and any other previous common law or statutory method of review . . . ."

The clerk will make the following entry as the Order and Judgment of the court:

> Respondent State of Maine Motion to Dismiss is granted.

So Ordered.

DATED: July 14, 2003

Thomas E. Delahanty II
Justice, Superior Court

A True Copy,
Attest: _____ Clerk of Courts

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CR-2001-01671

**DOCKET RECORD**

PL. DOB: 10/06/1967
PL. ATTY: STUART TISDALE
          TISDALE & DAVIS
          PO BOX 572
          PORTLAND ME 04112
          RETAINED 10/19/2001

State's Attorney: STEPHANIE ANDERSON

*Julia Sheridan, ADA*

Filing Document: PETITION
Filing Date: 10/19/2001

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

11/06/2001 FILING DOCUMENT -  PETITION FILED ON 10/19/2001

11/06/2001 NOTE -  OTHER CASE NOTE ENTERED ON 11/06/2001

           COPIES OF PETITION DOCKET ENTRIES COMPLAINT DOCKET ENTRIES SENT TO JUSTICE STUDSTRUP
11/28/2001 LETTER -  FROM PARTY FILED ON 11/28/2001

           FROM LAW CLERK TO MR. TISDALE, REGARDING UNSIGNED PETITION
05/03/2002 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 05/03/2002
           E ALLEN  HUNTER , JUSTICE
           COPY SENT TO BOTH PARTIES.
05/21/2002 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 05/20/2002

           DA:  JULIA SHERIDAN
05/21/2002 MOTION -  MOTION TO DISMISS FILED BY STATE ON 05/20/2002

           DA:  JULIA SHERIDAN
05/21/2002 POST CONVIC. REVIEW -  NOTICE TO REQ/DISPENSE CONF. SENT ON 05/21/2002

05/29/2002 POST CONVIC. REVIEW -  PCR CONFERENCE REQUEST FILED BY PETITIONER ON 05/29/2002

           Attorney:  MARY DAVIS
05/30/2002 POST CONVIC. REVIEW -  PCR CONFERENCE REQUEST FILED BY STATE ON 05/30/2002

           DA:  JULIA SHERIDAN
08/15/2002 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 08/14/2002

           Attorney:  MARY DAVIS
           MOTION FOR EXPEDITED HEARING.
08/15/2002 OTHER FILING -  OTHER DOCUMENT FILED ON 08/14/2002

           Attorney:  MARY DAVIS
           PETITIONERS OBJECTION TO RESPONDENTS MOTION TO DISMISS.
08/15/2002 OTHER FILING -  OTHER DOCUMENT FILED ON 08/14/2002

           DA:  JULIA SHERIDAN